UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YORAM KAHN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 22 C 4177 |
| v. | ) ) | |
| | ) | Judge Sara L. Ellis |
| WALMART INC., | ) ) | |
| Defendant. | ) | |

## ORDER

The Court denies Christina Rector and Lizette McKinney's motion to intervene [73].  See Statement.

## STATEMENT

After Defendant Walmart Inc. charged Plaintiff Yoram Kahn more than the prices reflected on the store shelf for certain items that he purchased, Kahn filed a putative class action against Walmart in August 2022.  Kahn brings claims for unjust enrichment and violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 Ill. Comp. Stat. 510/1 *et seq.*, and other similar state consumer protection statutes, including the District of Columbia. The Court initially dismissed Kahn's claims for failure to state a claim on March 21, 2023, Doc. 37, but the Seventh Circuit reversed and remanded on July 25, 2024, Doc. 48.  The parties currently are engaged in fact discovery, which is set to close on June 10, 2026.

While Kahn's appeal was pending, Christina Rector and Lizette McKinney[1] (collectively, the "Rector Plaintiffs") filed a class action lawsuit against Walmart in Washington, D.C. on January 23, 2024, similarly alleging that Walmart advertises many items at a lower shelf-price than what they charge customers at the register in violation of the District of Columbia's Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 28-3901 *et seq.  See Rector v. Walmart Inc.*, No. 24-CV-658 (D.D.C.).  After the Seventh Circuit reopened this Court's *Kahn* case, the D.C. district court granted Walmart's motion to stay the *Rector* case pending the

---

[1] Rector initially filed her lawsuit in the Superior Court of the District of Columbia as the only named plaintiff.  *See Rector v. Walmart Inc.*, No. 24-CV-658, Doc. 1-1 (D.D.C. March 7, 2024).  After Walmart removed the action to federal court, Lizette McKinney joined as a named plaintiff when they filed an amended complaint.  *See id.*, Doc. 20.

outcome of *Kahn* under the first-to-file rule. With their case stayed, the Rector Plaintiffs filed a motion to intervene before this Court. Kahn opposes the Rector Plaintiffs' intervention.[2]

A movant may intervene as a matter of right if she satisfies the factors set out in Federal Rule of Civil Procedure Rule 24(a)(2): "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Shea v. Angulo*, 19 F.3d 343, 346 (7th Cir. 1994). The Court accepts "as true the non-conclusory allegations of the [purported intervenor's] motion." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). Comparatively, a movant may obtain permissive intervention if she "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A). "In exercising its discretion [to grant intervention], the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed R. Civ. P. 24(b)(3).

Kahn first argues that the Rector Plaintiffs' motion is untimely because they have only asked to intervene after an adverse ruling from the D.C. district court. Kahn contends that the Rector Plaintiffs strategically chose to file their own parallel action seventeen months after Kahn filed his suit rather than join Kahn's litigation to protect their interests, and only now seek to intervene because the court stayed their action. But Kahn neglects to mention that the Court had dismissed his case and entered judgment when the Rector Plaintiffs filed suit. The Rector Plaintiffs could not have joined Kahn's suit in January 2024 because his appeal was pending before the Seventh Circuit. The Court therefore finds the Rector Plaintiffs' motion timely.

No one disputes that the Rector Plaintiffs have an interest in the subject matter of Kahn's action. The Rectors Plaintiffs are absent class members of Kahn's putative multi-state consumer protection class. The parties instead spend pages disputing whether the *Kahn* litigation potentially impairs the Rector Plaintiffs' interests and whether Kahn adequately represents the Rector Plaintiffs' interests. The Rector Plaintiffs claim that this Court lacks personal jurisdiction over Kahn's D.C. claims and that Kahn has limited or no ability to recover the putative D.C. class members' statutory damages.

The Court declines to definitively determine whether Kahn has demonstrated that the Court has personal jurisdiction over his D.C. claims, especially because Walmart did not offer any relevant argument on the issue. But certainly the Court lacks jurisdiction over the Rector Plaintiffs' claims against Walmart to the extent they seek to intervene as named plaintiffs. *See Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020) (concluding that "the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so"). And because the Court lacks such jurisdiction, the Rector Plaintiffs implicitly acknowledge that they would only be in front of this

---

[2] Walmart also opposes the Rector Plaintiffs' motion, taking no position on whether the Rector Plaintiffs meet the requirements for intervention under Federal Rule of Civil Procedure 24 but instead arguing that intervention permits the Rector Plaintiffs to impermissibly split their claims. Doc. 78. Because the Court denies the Rector Plaintiffs' motion pursuant to Rule 24, it does not address Walmart's claim-splitting argument.

2

Court until class certification, at which point they would return to the D.C. district court, which would defeat the purpose of intervention.

Further, based on the arguments presented, the Court finds at this point that it has specific personal jurisdiction over Walmart for Kahn's multi-state consumer protection class. *See Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 861 (N.D. Ill. 2021) (analyzing *Mussat* and other Seventh Circuit precedent to find that "personal jurisdiction is not necessarily a barrier to multi-state class actions invoking multiple [s]tates' laws"); *see also Franco v. Chobani, LLC*, 789 F. Supp. 3d 584, 604 (N.D. Ill. 2025) (allowing Arizona and Kansas state claims brought by Illinois plaintiffs to proceed because it "has specific personal jurisdiction over the [plaintiffs'] claims, and because the absent class members (residents of other states, including Arizona and Kansas) are not 'full parties to the case,' the [plaintiffs] need not show personal jurisdiction for the claims brought on behalf of those individuals"); *Wallenstein v. Mondelez Int'l, Inc.*, No. 22-CV-06033, 2023 WL 3102555, at *2 (N.D. Cal. Apr. 25, 2023) (noting that its case is "distinguishable from a situation where a single named plaintiff from a particular state asserts a claim under that state's law and then seeks to represent absent class members from other states whose laws are not materially distinguishable. In that situation, just as in the case with the federal claim, the named plaintiff has the same claim as the absent class members, and there's no need to assess personal jurisdiction with respect to the absent class members"). The D.C. district court reached this same conclusion when it granted Walmart's request for a stay. *See Rector*, Doc. 50 at 8.

Finally, the Court is not convinced that Kahn has no ability to recover statutory damages on behalf of a D.C. class. Kahn has asserted claims on behalf of the D.C. class under D.C. Code § 28-3901 *et seq.*, which incorporates the statutory damages provision in § 28-3905(k)(1)(A) and (2)(A)(i). And the Rector Plaintiffs offer no support for their assertion that Kahn conducted no investigation of the D.C. stores, especially when Kahn's amended complaint states that "Plaintiff's counsel's investigation identified Walmart's unfair and deceptive pricing throughout the United States, including stores located in Florida, Indiana, Maryland, New Jersey, New York, and other states." Doc. 53 ¶ 41.

The Court disagrees with the Rector Plaintiffs' personal jurisdiction and statutory damages arguments and therefore finds no reason to believe that the Rector Plaintiffs' interests will be impaired or that Kahn cannot adequately represent the Rector Plaintiffs' interests. The Rector Plaintiffs ultimately seek to intervene in this district even though they admit that they cannot appropriately be here. For whatever reason, the parties did not request to transfer the *Kahn*, *Rector*, and other similar actions to the Judicial Panel on Multidistrict Litigation and instead chose to proceed separately. That strategic decision resulted in the D.C. district court staying the *Rector* action. While the Court strongly encourages the Rector Plaintiffs and Kahn to work collaboratively, the Court denies the Rector Plaintiffs' motion to intervene both as a right and permissively in this action.

Date: February 19, 2026          /s/__Sara L. Ellis_____

3